## Case No. 8,860.

McKIBBIN v. The C. VANDERBILT.

[2 Int. Rev. Rec. 62.]

Circuit Court, S. D. New York. Aug., 1865.[1]

COLLISION—HUDSON RIVER—NAVIGATION IN CHANNEL—FOG.

[Appeal from the district court of the United States for the Southern district of New York.

[This was a libel by Robert H. McKibbin against the steamer C. Vanderbilt, to recover damages resulting from a collision. The district court rendered a decree for libelant (case not reported) in the sum of $7,020.53, from which claimant appeals.]

Mr. Morris, for libelant.
Mr. Jones, for claimant and appellant.

NELSON, Circuit Justice. The collision in this case occurred between the canal boat Canisteo, one of the tows in charge of the tug O. C. Hibbard, and the steamer C. Vanderbilt, on the morning of the 16th May, 1863, on the west shore of the Hudson river, about opposite the arsenal at Troy. The tug had left with her tow that morning, starting from the upper side-cut at Troy, on the west side of the river, descending along the same, one hundred and fifty or two hundred feet from the shore. The Vanderbilt was coming up the river on one of her usual trips, and making for the dock on the east side of the river. There had been a considerable freshet in the river, so that the water was some six or eight feet higher than its usual rate. There was no difficulty, therefore, as to sea room for the steamers to pass to the right and east of the descending tow. Indeed, upon the proofs, even in an ordinary stage of water, the Vanderbilt could easily have passed to the right in going to her dock. Both vessels, however, were in a dense fog at and before they discovered each other, and, as it respects the navigation of each, under the circumstances in which they found themselves, very little, if any, objection can be taken. The point pressing upon the steamer is, that she was too far to the east of the channel of the river, and, therefore, out of her proper course. This view was taken by the court below, and upon it a decree was rendered for the canal-boat. We are inclined to concur in this result. The west side is the natural and ordinary track for descending vessels; and the Vanderbilt, we think, was bound to take notice of this fact, and to have kept nearer to the middle of the river. She had no right to act upon the idea that the descending boat would take that course, and expect her to pass to the left or starboard, between her and the left shore. What makes the case more marked in this respect, is the fact that the steamer's dock was on the east shore, some miles above the collision.

Decree affirmed.

[The case was taken on appeal to the supreme court, where the decree of the circuit court was affirmed, with costs. 6 Wall (73 U. S.) 225.]